Gunter, J.
Appellee has been substituted for Eli, deceased. Eli was robbed of $1,205. Two parties charged with the robbery were arrested, $1,085 taken by the officers from their person and delivered to chief of police, Russell. These defendants employed counsel, appellant Benson. Benson took judgment for $300 of his fee against them, and levied execution upon $300 of the above money in the hands of Russell. The amount of the levy was paid him, less costs. He assigned in severalty, for value, to third parties, the remainder of his agreed fee, $665. Judgments were taken by the assignees for their several claims and executions were levied upon $685 of above funds, in the hands of Russell, and the same, less costs, delivered to the execution creditors. The remainder *496 of the $1,085, to wit $100, was expended, $62.00 with consent of Eli in effecting above arrests. Thirty-eight dollars paid to Eli.' At the time the Benson execution was levied, the funds were in the hands of Russell , he had been notified of Eli’s claim thereon and to hold them, and Benson knew that Eli claimed the funds as having been taken from him in the above robbery. The clients of Benson, the above judgment debtors, also claimed to be the owners of this fund.
Eli brought trover against Benson and Russell, charging the conversion of $1,047. The complaint charged deceit and fraud on Benson’s part in seizing the funds. This allegation was material for the purpose of justifying execution against the person in the event of a verdict for plaintiff. It was not essential to the cause of action in trover. Verdict and judgment against Benson for $1,115, this amount being the $985, seized under above executions and interest thereon. Verdict for Benson on the issue of fraud and deceit. Verdict and judgment for Russell. Benson appeals.
1. “The general rule of the common law is, that, except by a sale in market overt, no one can give a better title to personal property than he has himself.” Murray v. Lardner, 2 Wall. 110.
The exemption from this principle of moneys in the channels of trade and received without notice of adverse ownership is not applicable to the facts herein. At the time of the seizure of the money under the Benson execution it was not circulating in the channels of trade and Benson, the execution creditor, had full knowledge of the claims of Eli.
If title to the funds held by Russell was hot in the judgment debtors, the two arrested parties, Benson could acquire none by the levy of his execution thereon.
Under the evidence there was but one question for the jury: Was the money, or any part of the money, seized under the Benson execution, the identical money taken from the person of Eli? If it was plaintiff had made out a case, otherwise not.
2. The court erred in giving instruction No. 8, in this, *497 it assumed therein that the money in the hands of Russell was the money taken from the person of Eli. This question of identity being the vital question for the jury, the giving of such instructions is reversible error.
There was error in giving plaintiff’s instruction to No. 4. The court therein charged that in the event of a verdict for plaintiff it must be in the sum of $985 with interest thereon. The error was in this :
a. In no event could the verdict against Benson have exceeded the sum of $300 and interest thereon, because there was no evidence of a conversion by him of any larger sum. As shown above the remainder of the $985 was seized under executions in favor of third parties.
1. There was a question for the jury as to whether all or part of the $985 in the hands of Russell was taken from Eli. This instruction is reversible error.
The court erred in giving plaintiff’s instruction No. 5, and a sufficient reason for holding so is, there was no evidence to which it was applicable.
3. The offers of compromise admitted, if objected to in apt time and in the proper manner, were inadmissible. Whether the court erred in the reception of this evidence in view of the time-when and manner in which objections were made, it is not necessary to rule.
4. Appellant contends that the complaint is substantially defective in failing to more particularly describe the funds charged to have been converted. The allegation complained of is:
“ That on the 20th day of March, A. D. 1897, and prior thereto, this plaintiff was the owner of certain current funds, being lawful money of .the United States, bank notes and other current bills, the particular description and denominations of which are to this plaintiff unknown, of the value of one thousand and eighty-five dollars and fifty cents ($1,085. 50), then and there being in the possession of the defendants above named.”
No reason is shown why the lack of a more specific de *498 soription was fatal to the complaint. The description is sufficient under the authorities. Cobbey on Replevin, § 544, p. 290, and authorities cited.
The judgment is reversed.

Reversed.